**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0532-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ASIF SIKDER,

    Defendant-Respondent.

_____

AMIR E. SIKDER,

    Appellant.

_____

Submitted November 6, 2025 – Decided February 17, 2026

Before Judges Currier and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FO-12-0011-25.

Evan F. Nappen Attorney at Law PC, attorneys for appellant (Louis P. Nappen, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent State of New Jersey (Hudson E.

Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a temporary restraining order (TRO) was issued against Asif Sikder, his residence was searched and firearms were seized. At a subsequent weapons forfeiture hearing, the court revoked Asif's Firearms Purchaser Identification Card (FPIC) and forbid his ownership, possession, or purchase of weapons under N.J.S.A. 2C:25-21(d)(3) and 2C:58-3(c)(5). Asif has not appealed that order.

However, Asif did not own any weapons or possess an FPIC at the time of the issuance of the TRO. The weapons seized pursuant to the search warrant belonged to Asif's brother—Amir Sikder—who lived with Asif at the time of the search. The State was aware of these facts and apprised the court of them. Nevertheless, the court entered an order forfeiting the seized weapons. Because the court deprived Amir of his constitutional right of due process, we vacate the portion of the order forfeiting the seized weapons and remand for the court to conduct the appropriate proceedings regarding the forfeiture of the weapons owned by Amir, if the State determines to pursue this course of action.

The Sikder brothers lived together. When police arrived at their residence to enforce the search warrant pursuant to the TRO issued against Asif, Amir told

A-0532-24

them he had a weapon in his room in a TSA safe box that was registered to him. The officers seized a handgun and an FPIC belonging to Amir.

The victim who lodged the domestic violence complaint against Asif dismissed the TRO. Nevertheless, the Middlesex County Prosecutor's Office determined to seek forfeiture of the seized weapons and informed both Asif and Amir of the hearing date for the weapons forfeiture motion.

On August 12, 2024, Asif and Amir appeared before the court for the hearing. The assistant prosecutor advised the court that Asif was the defendant and subject of the TRO but the guns seized pursuant to the search warrant belonged to Amir. The prosecutor further informed the court that Amir no longer lived with Asif. After the victim failed to appear, the court rescheduled the hearing for September 9, 2024.

On September 9, the court heard testimony from the victim and Asif. Amir was not present. The assistant prosecutor explained to the court that she told Amir he did not have to attend. However, after that conversation, she learned there was a pending charge against Amir. But she did not advise Amir of her discovery or tell him to appear at the hearing. Thereafter, the prosecutor requested that the court reschedule the forfeiture action against Amir, as the owner of the guns.

3

At the close of evidence, the court found both Asif and the victim were not credible. The court also determined Asif was unfit to possess or own weapons and it was not in the interest of the public health, safety or welfare to return any of the seized weapons to him. Therefore, the court granted the State's motion for forfeiture. The September 9, 2024 order listed only Asif as the defendant, indicating he was the "claimant/owner."[1] The order stated the weapons seized pursuant to the TRO were forfeited.

Amir filed an appeal from the order. He presents the following arguments for our consideration:

> POINT 1
> THE COURT BELOW COMMITTED PLAIN ERROR BECAUSE THE "CLAIMANT/OWNER" NAMED IN THE COURT'S ORDER IS NOT THE NAMED DEFENDANT AND BECAUSE THE ORDER FAILS TO IDENTIFY A STATUTORY DISQUALIFER.
>
> POINT 2
> THE COURT BELOW ERRED BY HOLDING A WEAPON FORFEITURE AND REVOCATION HEARING AND BY ISSUING A PROSPECTIVE WEAPON FORFEITURE AND LICENSE REVOCATION OPINION AND ORDER UPON A PERSON WHO HAD NO WEAPONS SEIZED OR LICENSE TO REVOKE.

---

[1] The order also mistakenly stated defendant failed to appear at the hearing. As noted, Asif was present and testified at the hearing.

A-0532-24

POINT 3
IN ARGUENDO TO <u>POINT 2</u>, THE COURT BELOW ERRED BY FINDING THAT ASIF SIKDER SHOULD BE BARRED UNDER [N.J.S.A. 2C:58-3(c)(5).]

POINT 4
THE COURT BELOW ERRED BY DENYING DUE PROCESS TO THIRD-PARTY PROPERTY OWNER AMIR SIKDER.

POINT 5
THE COURT BELOW FAILED TO APPLY THE CURRENT STANDARD OF LAW ELEMENTALLY REQUIRED UNDER [N.J.S.A. 2C:58-3(c)(5).]

POINT 6
NOTHING RAISED BELOW RISES TO THE LEVEL OF A CONTITUTIONAL REASON TO DENY AMIR SIKDER HIS SECOND AMENDMENT RIGHTS, AND [N.J.S.A. 2C:58-3(c)(5)] AND (8) SHOULD BE FOUND UNCONSTITUTIONAL.

POINT 7
IT IS RESPECTFULLY REQUESTED THAT THE MATTER BE SEALED AND ANY OPINION REFERENCE THE PARTIES AND STATE'S WITNESS BY THEIR INITIALS.[2]

---

[2] This issue was not raised before the trial court. In addition, the Sikders do not fall within the classes of individuals exempt from the public's right to access judicial proceedings. <u>See</u> <u>R.</u> 1:38-11.

A-0532-24

A number of these point headings refer to arguments asserted by Asif regarding the court's order. We do not consider these arguments since Asif did not appeal from the order.

We only consider point four and the due process arguments raised by Amir. In its opposition brief, the State agrees the designation of Asif as "claimant/owner" on the order was incorrect and the mistake can be remedied by the court under Rule 1:13-1. But the clerical mistake in the caption of the order is not the issue. It is the substance of the order granting the forfeiture of weapons that were not owned by the named defendant.

This court recently considered the minimum requirements of due process in weapon forfeiture proceedings. Matter of M.U.'s Application for a Handgun Purchase Permit, 475 N.J. Super. 148, 198 (App. Div. 2023). We stated that "[t]he revocation of a[n] FPIC constitutes state action triggering due process protections." Ibid. "The minimum requirements of due process . . . are notice and the opportunity to be heard." Jamgochian v. N.J. State Parole Bd., 196 N.J. 222, 240 (2008) (omission in original). Therefore, an individual facing the revocation of their FPIC and forfeiture of weapons "ha[s] the right to prior written notice of the claimed violation and a meaningful opportunity to be heard,

6

which include[s] the right to retain counsel to represent [them], before the FPIC revocation application was heard." Matter of M.U., 475 N.J. Super. at 198.

Amir was not afforded his requisite procedural due process. He appeared at the original forfeiture hearing date, which was subsequently adjourned. A new hearing date was set. However, before the hearing, the prosecutor affirmatively told Amir he did not have to attend. Nevertheless, by the date of the hearing, the prosecutor decided to pursue a forfeiture action against Amir but did not apprise him of the change of course and did not tell Amir he needed to attend. The prosecutor did inform the court of her determination to proceed with forfeiture proceedings against Amir and that Amir was not notified, but the court did not address the issue at all in its decision to forfeit the weapons.

Amir was not afforded an evidentiary hearing during which he could present legal arguments, testify, or cross-examine witnesses. He did not have notice that his right to the weapons and FPIC card would be considered at the hearing and therefore was denied the opportunity to be heard. To the contrary, he was told by the State he did not have to appear at the hearing. He simply was not accorded his requisite due process.

In response to Amir's argument, the State submits that even though Amir was not present for the hearing, "his interests were presented to and considered

7

by the trial court in its decision." This is an erroneous statement as the court never mentioned reasons for forfeiting Amir's weapons and FPIC card in its decision. In addition, even if true, that would not be deemed sufficient protection of one's constitutional rights.

Because Amir was deprived of his constitutional right of procedural due process, we vacate the portion of the order forfeiting the seized weapons and remand for a forfeiture hearing regarding the weapons and FPIC card owned by Amir. The order remains in effect as to Asif.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0532-24